UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP f\k\a COUNTRYWIDE HOME LOANS SERVICING, L.P, <br><br> Plaintiff, <br><br> v. <br><br> ASPEN MEADOWS - FERNLEY FLOOD CONTROL FACILITY MAINTENANCE ASSOCIATION A\K\A ASPEN MEADOWS MAINTENANCE ASSOCIATION; *et al.*, <br><br> Defendants. | Case No. 3:16-cv-00413-MMD-WGC <br><br> ORDER |
| AND ALL RELATED CASES | |

**I.    SUMMARY**

This case arises from the non-judicial foreclosure sale of property located at 1041 Brierwood Lane in Fernley, Nevada 89408 (the "Property") to satisfy a homeowners' association lien. (ECF No. 1 at 3-9.) Four motions are before the Court: (1) Plaintiff Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, L.P.'s motion for partial summary judgment (the "Motion") (ECF No. 63); (2) Defendant Aspen Meadows - Fernley Flood Control Facility Maintenance Association's ("Aspen Meadows") motion to dismiss (ECF No. 64); (3) Aspen Meadows' motion for summary judgment (ECF No. 65); and (4) Plaintiff's motion for leave to file supplemental authorities ("Supplemental Authority

Motion") (ECF No. 68).[1] Because Aspen Meadows is a limited-purpose association to which NRS § 116.001, *et seq.* ("NRS Chapter 116") does not apply, and as explained below, Aspen Meadows' foreclosure sale could not have—and did not—extinguish Plaintiff's deed of trust on the Property. Therefore, the Court will grant summary judgment in Plaintiff's favor, deny Aspen Meadows' cross-motions, decline to address most of the parties' other arguments, and deny Plaintiff's Supplemental Authority Motion as moot.

## II.    RELEVANT BACKGROUND

The parties agree that Aspen Meadows is governed by the Declaration Creating Aspen Meadows Flood Control Facility Maintenance Association ("CC&Rs"). (ECF No. 63-1 (CC&Rs); *see also* ECF Nos. 63 at 3-4, 69 at 3.) In relevant part, the CC&Rs provide:

> 1.1 <u>Not Governed by the Act.</u> This Declaration and the Subdivision are not subject to the requirements of the Common-Interest Ownership Act, Chapter 116 of the Nevada Revised Statutes, by reason of NRS 116.1202(2) as the Association created hereby is created for the limited purpose of maintaining facilities for flood control and/or landscaping of such facilities.

(ECF No. 63-1 at 3.) However, people who buy a house within Aspen Meadows must pay assessments to live there. (*Id.* at 6-8.) If they do not pay these assessments, Aspen Meadows has the right to foreclose "in the same manner and using the same powers as granted to associations governed by NRS Chapter 116." (*Id.* at 8.) Similarly, "[a]ll sums assessed to any Lot pursuant to this Article, together with interest, fees, charges, fines, and other expenses allowed by law shall be secured by a lien on the Lot in favor of the Association in the same manner and using the same powers as granted to associations governed by NRS Chapter 116." (*Id.*)

Aspen Meadows' CC&Rs state that Aspen Meadows' purpose includes "at a minimum the maintenance, replacement and perpetuation of the flood control drainage basin[.]" (*Id.* at 4.) Notably, the CC&Rs contain no use restrictions, or related enforcement

---

[1] The Court reviewed the responses and replies corresponding to Plaintiff's Motion, along with Aspen Meadows' cross-motions. (ECF Nos. 69, 70, 73, 74.) The other parties to this case did not file any responses to the pending motions.

2

mechanisms, that would, for example, dictate what an individual property owner can or cannot do with her property. (*See generally id.*)

NRS Chapter 116 governs foreclosure proceedings when people stop paying their homeowners' association dues in Nevada. As noted above, the CC&Rs provide both that Aspen Meadows is not subject to NRS Chapter 116, but also that Aspen Meadows may use a procedure resembling the foreclosure procedures laid out in NRS Chapter 116 when a homeowner within Aspen Meadows stops paying their homeowners' association dues. (*Id.* at 3, 8.) Aspen Meadows appears to have done so here. (ECF No. 63 at 3-5.) But the Court does not recite facts going to Aspen Meadows' foreclosure to collect on back homeowners' association dues because they are unnecessary to the Court's decision resolving the pending motions. As relevant here, Plaintiff is the owner by assignment of a note (the "Note") and Deed of Trust ("DOT") securing a loan for $246,137.00 that Pablo Lopez-Perez and Nora M. Alcantara obtained in 2006 to purchase the Property. (ECF Nos. 63-2, 63-3.)

Plaintiff brings claims for: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against Aspen Meadows and Defendant Gayle A. Kern, Ltd. d/b/a Kern & Associates ("Kern"); (3) wrongful foreclosure against Aspen Meadows and Kern; and (4) injunctive relief against Defendant Comstock Capital Partners, LLC ("Comstock"). (ECF No. 1 at 9-18.) When it answered, Comstock also filed a counterclaim for quiet title and declaratory relief against all other parties to the case, primarily seeking a declaration that Comstock purchased the Property free and clear of Plaintiff's DOT. (ECF No. 7 at 4-8.)

The Court previously dismissed Plaintiff's claims against Kern, so Kern is no longer a party to this case. (ECF No. 54.) Magistrate Judge William G. Cobb permitted counsel for Comstock and Remedy Property Partners, LLC ("Remedy") to withdraw. (ECF No. 46.) Thus, Comstock and Remedy are currently unrepresented. Because corporations and other unincorporated associations cannot represent themselves *pro se* in federal

3

court, Judge Cobb ordered Comstock and Remedy to file a substitution of counsel by December 29, 2017. (ECF No. 46 at 2.) To date, they have not done so.

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.

1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

The Court first addresses Plaintiff's Motion, and then Plaintiff's Supplemental Authority Motion.

### A. Plaintiff's Motion

Plaintiff argues it is entitled to summary judgment on its declaratory relief/quiet title claim because, in pertinent part, Aspen Meadows is a limited-purpose association not subject to NRS Chapter 116, meaning it never had a superpriority lien on the Property, and thus the foreclosure sale cannot have extinguished Plaintiff's DOT. The Court finds this issue case-dispositive, and accordingly declines to address the parties' other arguments—with one exception. The Court will briefly address one argument Aspen Meadows raised in its motion to dismiss.

#### a. Aspen Meadows' Motion to Dismiss

Aspen Meadows filed a renewed motion to dismiss (ECF No. 64), arguing that Plaintiff's case must be dismissed because Plaintiff failed to participate in mediation conducted by the State of Nevada Real Estate Division ("NRED"), and required by state statute (*Id.* at 8-11). However, this argument is moot because Plaintiff filed a notice and

certificate indicating it did participate in NRED mediation. (ECF No. 44.) For this reason, and as explained below, the Court will therefore deny Aspen Meadows' motion to dismiss (ECF No. 64).

### b. Limited-Purpose Association

Plaintiff argues in its Motion that because Aspen Meadows is a "limited-purpose association," it falls within an exception to NRS Chapter 116, meaning Aspen Meadows never had a superpriority lien on the Property, and therefore Plaintiff's DOT continues to encumber the Property, despite the foreclosure sale. (ECF No. 63 at 8-9.) Aspen Meadows does not oppose this argument. (ECF No. 69 at 7.) Neither Comstock nor Remedy filed responses to Plaintiff's Motion.

The Court agrees with Plaintiff, and will therefore grant its Motion. "The State of Nevada has established a statutory scheme [NRS Chapter 116] that grants a homeowners association (HOA) a lien with superpriority status on property governed by the association." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 621-22 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409-14 (Nev. 2014)). But NRS § 116.1201 provides that NRS Chapter 116 does not apply to "[a] limited-purpose association." NRS § 116.1201(2)(a). NRS § 116.1201 defines "limited-purpose association" to mean, in pertinent part, an association created for the limited purpose of maintaining "[f]acilities for flood control[,]" where such an association "[i]s not authorized by its governing documents to enforce any restrictions concerning the use of units by units' owners[.]" NRS § 116.1201(6)(a)(2), (b).[2] Thus, a limited-purpose association set up for flood control, which does not impose use restrictions on its units' owners, is not entitled to a superpriority lien on property governed by that association.

---

[2]A corresponding portion of the Nevada Administrative Code provides additional guidance as to what constitutes a "limited-purpose association" not directly relevant here. *See* Nev. Admin. Code § 116.090.

6

The Court finds that Aspen Meadows is a limited-purpose association set up for flood control, and not subject to NRS Chapter 116. First, Aspen Meadows was set up for flood control, and its CC&Rs state it is not subject to NRS Chapter 116. (ECF No. 63-1 at 3, 4.) It therefore falls within one of the exceptions to NRS Chapter 116. *See* NRS 116.1201(6)(a)(2). Second, the CC&Rs impose no use restrictions on people who purchase property within Aspen Meadows, which satisfies NRS 116.1201(6)(b). (*See generally* ECF No. 63-1.) Thus, Aspen Meadows is a limited-purpose association not entitled to a superpriority lien under NRS Chapter 116. *See Saticoy Bay LLC Series 4500 Pac. Sun v. Lakeview Loan Servicing, LLC*, Case No. 75586, 2019 WL 2158334, at *2 (Nev. May 15, 2019) (unpublished disposition) ("*Pac. Sun*"); *see also MCM Capital Partners, LLC v. Saticoy Bay LLC Series 6684 Coronado Crest*, Case No. 2:15-cv-1154-JCM-GWF, 2018 WL 4113332, at *6-*7 (D. Nev. Aug. 29, 2018) (currently on appeal). The fact that Aspen Meadows' CC&Rs gives it the right to use NRS Chapter 116's procedures to foreclose in the event of nonpayment (ECF No. 63-1 at 8) does not change the analysis. *See Pac. Sun*, 2019 WL 2158334, at *2 ("Finally, although Article 7.4 authorizes [the association] to conduct a foreclosure sale "in like manner" as provided in NRS Chapter 116, we are not persuaded that a limited purpose association automatically becomes subject to NRS Chapter 116 simply by virtue of following that Chapter's process for conducting foreclosure sales.") In addition, Aspen Meadows' non-opposition weighs in favor of this finding. (ECF No. 69 at 7.)

Accordingly, the foreclosure sale at issue here could not have—and did not—extinguish Plaintiff's DOT. Plaintiff's DOT continues to encumber the Property. The Court will therefore grant Plaintiff's Motion.

Because the Court finds in Plaintiff's favor on Plaintiff's Motion, the Court will accordingly deny Aspen Meadows' cross-motion for summary judgment, and motion to dismiss (ECF Nos. 64, 65). Similarly, because the Court will declare Plaintiff's DOT continues to encumber the Property, the Court will enter judgment for Plaintiff on

Comstock's counterclaim, which primarily sought a declaration the DOT no longer encumbered the Property. Finally, Plaintiff primarily requested a declaration its DOT continues to encumber the Property in its Complaint. (ECF No. 1 at 18.) Because Plaintiff will receive the relief it requested, the Court will deny Plaintiff's remaining claims as moot.

### B. Plaintiff's Supplemental Authority Motion

Plaintiff's Supplemental Authority Motion (ECF No. 68) asks the Court to consider recent caselaw going to Plaintiff's alternative argument that it preserved its DOT by tendering the amount of Aspen Meadows' lien to Kern. Because the Court does not reach Plaintiff's tender argument in resolving the pending motions, the Court need not, and did not, consider Plaintiff's proffered supplemental authorities in ruling on the pending motions. The Court will therefore deny Plaintiff's Supplemental Authority Motion as moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for partial summary judgment (ECF No. 63) is granted as to Plaintiff's first claim for relief. The Court declares that Plaintiff's DOT survived the foreclosure sale and continues to encumber the Property. Plaintiff's remaining claims are dismissed as moot.

It is further ordered that Aspen Meadows' motion to dismiss (ECF No. 64) is denied.

It is further ordered that Aspen Meadows' motion for summary judgment (ECF No. 65) is denied.

It is further ordered that Plaintiff's motion for leave to file supplemental authorities (ECF No. 68) is denied as moot.

The Clerk of Court is directed to enter judgment in Plaintiff's favor on both its first claim for relief, and Comstock's counterclaim (ECF No. 7 at 4-8), in accordance with this order, and close this case.

DATED THIS 10th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE